IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

TRI-US SERVICES, INC.,
A Michigan corporation,

        Plaintiff,

v.

DEVEOPERS DIVERSIFIED REALTY
CORPORATION, (a/k/a DDR Corp.), an
Ohio corporation, GS II GREEN RIDGE, LLC,
a Delaware limited liability company,
BRE DDR GRANDVILLE MARKETPLACE,
LLC, a Delaware limited liability company, and
BG WALKER LLC, a Michigan limited liability
Company,

        Defendants/Third-Party Plaintiffs,

and

THIRD-PARTY PLAINTIFFS

v.

CONTROL BUILDING SERVICES, INC.,
A Delaware corporation, CONTROL EQUITY
GROUP, INC., a Delaware corporation, EDWARD
TUREN, an individual, NEAL TUREN, an
Individual, Jointly and Severally,

        Third-Party Defendants.

Case No.

HON.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334 and 1452, Third-Party Defendants Control Building Services, Inc. ("CBS"), Control Equity Group, Inc. ("CEG") and Edward Turen (each a "Removing Third-Party Defendant" and collectively "the Removing Third-Party Defendants") file this Notice of Removal to the United States District Court for the Western District of Michigan from the Kent County Circuit Court where the action is

now pending.[1] In support of this Notice of Removal, the Removing Third-Party Defendants state as follows:

1. TRI-US Services, Inc. ("Tri-US") filed a complaint (the "Original Complaint") against Developers Diversified Realty Corporation a/k/a DDR Corp., an Ohio corporation ("DDR"), GS II Green Ridge, LLC, a Delaware limited liability company ("GS II"), BRE DDR Grandville Marketplace, LLC a Delaware limited liability company ("BRE DDR") and BG Walker, LLC, a Michigan limited liability company ("BG Walker") (collectively "Defendants"), thereby initiating Case No. 13-02580-CKB in Kent County Circuit Court (the "State Action")

2. On May 22, 2013 the Defendants in the State Action filed a Third-Party Complaint in the Kent County Circuit Court, Grand Rapids, Michigan (the "State Action") against the Third-Party Defendants. Third-Party Defendant Control Equity Group, Inc., a Delaware corporation ("CEG") received a copy of the Third-Party Summons and Complaint on or about May 28, 2013 and Control Building Services, Inc., a Delaware corporation ("CBG") and Edward Turen ("Turen") received a copy of the Third-Party Summons and Complaint on or about June 10, 2013. A copy of the Summons and Complaint received by Third-Party Defendants is attached as Exhibit A.

I. **JURISDICTION PURSUANT TO 28 U.S.C. § 1452(A) – "RELATED TO" BANKRUPTCY**

3. This case may be removed to the District Court pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) and Rule 9027 of the Federal Rules of Bankruptcy Procedure because it is related to the Chapter 11 proceeding of Oxford Building Services, Inc. ("Oxford") and certain of its affiliates (each a "Debtor" and collectively, the "Debtors")

---

[1] By filing this Notice of Removal, Removing Third-Party Defendants do not waive any of their arguments with respect to jurisdiction, venue or any other defenses.

2

pending in the United States Bankruptcy Court for the District of New Jersey, Case No. 13-13821-MS (the "Oxford Bankruptcy").[2]

4. Under 28 U.S. C. § 1452(a), a "party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or causes of action under § 1334 of this Title." The United States District Court for the Western District of Michigan – Southern Division is located within the state and county where the State Action is pending and it has original jurisdiction under § 1334 over the claims and causes of action asserted for the reasons discussed immediately below.

5. Under 28 U.S. C. § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11 [of the United States Bankruptcy Code.]."

6. The test of "related to" jurisdiction is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Dow Corning Corp.*, 86 F. 3d 482, 489 (6th Cir. 1996).

7. The State Action could conceivably effect the Oxford Bankruptcy. It is related to the Oxford Bankruptcy because Third-Party Plaintiff is suing Third-Party Defendants for obligations allegedly due from one or more of the Debtors in the Oxford Bankruptcy and if Third-Party Defendants were to pay or be held liable for such obligations, Third-Party Defendants would have claims for indemnification against the Debtors' estate. The Third-Party Complaint arises from Third-Party Plaintiffs' allegations that Oxford misappropriated funds and breached a Services Agreement

---

[2] After removal, the Third-Party Defendants intend to file a motion to sever the Third-Party Complaint and transfer to the New Jersey Bankruptcy Court.

3

between Third-Party Plaintiffs and Oxford, that Third-Party Defendant CBS breached its Guaranty of the Services Agreement by failing to ensure Oxford's performance of its obligations and by failing to ensure that all sums due under the Services Agreement were paid, and that Third-Party Defendants converted funds to their own use, engaged in racketeering activity, interfered with agreements entered into by Oxford, committed fraud and engaged in a civil conspiracy along with Oxford to misappropriate funds and induce Third-Party Plaintiffs to pay Oxford. Further, the State Action relates to the Oxford Bankruptcy because it affects the Debtors' estates, as the Third-Party Defendants are indemnified and would have claims against the Debtors for indemnity in connection with the claims asserted against the Third-Party Defendants in the State Action. Accordingly, the State Action "relates to" the Oxford Bankruptcy and this court has jurisdiction pursuant to 28 U.S.C. § 1334(b). *In re Dow Corning, supra; In re National Century Financial Enterprises, Inc. Investment Litigation*, 323 F. Supp. 2d; 861 (S.D. Ohio 2004).

## II.     OTHER PREREQUISITES TO REMOVAL

8.     Copies of all process, pleadings and orders received by the Removing Third-Party Defendants are filed with this Notice pursuant to 28 U.S.C. § 1446(a). *See* Ex. A.

9.     This Notice is being filed within thirty (30) days after the first Removing Third-Party Defendant received the Third-Party Complaint in the State Action. Therefore, this Notice has been filed within the time limits prescribed by 28 U.S.C. § 1446(b).

10.     The Removing Third-Party Defendants will give written notice of the filing of this Notice to all parties as required by 28 U.S.C. § 1446(d).

11. A copy of this Notice has been filed with the Clerk of the Court of the Kent County Circuit Court, as required by 28 U.S.C. § 1446(d).

12. Non-removing Third-Party Defendant Neal Turen consents to removal of the State action. **Exhibit A.**

12. The Removing Third-Party Defendants are or will be filing the entire state court record in the State Action.

13. Venue for filing this Notice of Removal is proper in the United States District Court for the Western District of Michigan because this action is being removed from the Kent County Circuit Court.

14. The Removing Third-Party Defendants would have no objection to the Court remanding that portion of the Sate Action represented by the Original Complaint and retaining that portion represented by the Third-Party Complaint.[3]

Based upon the foregoing, Removing Third-Party Defendants Control Building Services, Inc., Control Equity Group, Inc., and Edward Turen request that the State Action (or just the Third-Party Complaint if the Court deems that appropriate) proceed in this Court as an action properly removed to it.

---

[3] That would, in effect, accomplish a severance. See text of footnote 2.


          Respectfully submitted,

KOERNKE & CRAMPTON PC
Attorneys for Third-Party Defendants
Control Building Services, Inc., Control Equity Group, Inc. and Edward Turen

Dated: June 26, 2013

By: s/ Richard A. Gaffin
    Richard A. Gaffin (P31406)
Business Address:
    940 Monroe Avenue NW, Ste. 250
    Grand Rapids, MI  49503
    (616) 458-7900

I hereby certify that on June 26, 2013, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.

                                        s/Richard A. Gaffin
                                        Richard A. Gaffin (P31406)