# EXHIBIT A

STATE OF MICHIGAN

IN THE 17TH CIRCUIT COURT FOR THE COUNTY OF KENT

TRI-US SERVICES, INC.,
a Michigan corporation,

               Plaintiff,

v

DEVELOPERS DIVERSIFIED REALTY
CORPORATION, (a/k/a DDR CORP.),
an Ohio corporation, GS II GREEN RIDGE, LLC,
a Delaware limited liability company, BRE DDR
GRANDVILLE MARKETPLACE, LLC,
a Delaware limited liability company, and BG
WALKER LLC, a Michigan limited liability
company,

               Defendants.

Case No. 13-02580-CK B

Hon. CHRISTOPHER P. YATES
(P-41017)

REC'D & FILED
2013 MAR 22 AM 9 37
KENT COUNTY
CIRCUIT COURT

_____/

James R. Wierenga (P48946)
DAVID & WIERENGA, P.C.
Attorneys for Plaintiff
50 Monroe Avenue, N.W., Suite 720W
Grand Rapids, Michigan 49503
(616) 454-3883
_____/

*There is no other pending or resolved civil action arising*
*out of the same transaction or occurrence as alleged in*
*the complaint.*

## COMPLAINT

    Plaintiff, Tri-Us Services, Inc., by its counsel, David & Wierenga P.C., states for its

Complaint against Defendants, Developers Diversified Realty Corporation (a/k/a DDR Corp.), GS II

Green Ridge LLC, BRE DDR Grandville Marketplace LLC, and BG Walker LLC, as follows:

1

## JURISDICTIONAL AND VENUE ALLEGATIONS

1.     Plaintiff Tri-Us Services, Inc. ("Tri-Us") is a Michigan corporation conducting business at 78 Ball Creek Rd., Kent City, Kent County, Michigan 49330.

2.     Defendant Developers Diversified Realty Corporation (a/k/a DDR Corp.) ("DDR") is an Ohio corporation whose registered address is 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.  Its resident agent is The Corporation Company.

3.     Defendant GS II Green Ridge LLC ("GS II") is a Delaware limited liability company whose registered office address is 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.  Its resident agent is The Corporation Company.

4.     Defendant BRE DDR Grandville Marketplace LLC ("BRE DDR") is a Delaware limited liability company whose registered office address is 601 Abbot Road, East Lansing, Michigan 48823.  Its resident agent is CSC-Lawyers Incorporating Service (Company).

5.     Defendant BG Walker LLC ("BG Walker") is a Michigan limited liability company which has since dissolved with a last known registered office address of 601 Abbott Road, East Lansing, Michigan 48823.  Its resident agent is CSC-Lawyers Incorporating Service (Company).

6.     Each of the above-named Defendants was doing business in Kent County, Michigan at all times relevant hereto.

7.     The amount in controversy is greater than $25,000.00 and this claim is within the jurisdiction and venue of this Court.

## GENERAL ALLEGATIONS

8.     Plaintiff Tri-Us is a locally owned family business which has been in operation since 1992. Tri-Us provides a variety of services to West Michigan businesses including, but not limited to, power sweeping services, snowplowing, salting, and parking lot maintenance.

2

9. Defendant DDR owns and manages approximately 450 retail properties in the continental United States, Puerto Rico, and Brazil.

10. The remaining Defendants are owners of various shopping centers in Kent County which are affiliated with, and managed by, Defendant DDR.

11. Defendant GS II is the owner of a shopping center known as Green Ridge Square located in Walker, Michigan.

12. Defendant BRE DDR is the owner of a shopping center known as Grandville Marketplace which is located in Grandville, Michigan.

13. Defendant BG Walker is the owner of a shopping center known as Alpine Avenue which is located in Walker, Michigan.

14. DDR has engaged the services of Plaintiff Tri-Us for more than 15 years.

15. Pursuant to Plaintiff's contract with DDR, Plaintiff has provided services to the various Defendant shopping centers.

16. Defendant DDR handled most of its own payment processing for its contracted services with the exception of the past couple of years when it utilized the services of an outside billing service.

17. Throughout the parties' business relationship including the period of time that DDR used an outside billing service, DDR was always the entity to issue and assign work orders to Tri-Us and directed Tri-Us on all work matters related to the various Defendant shopping centers.

18. Further, throughout the duration of the parties' relationship, Plaintiff Tri-Us' invoices have been directed to Defendants with specification on each invoice as to the service address.

19. The particular services at issue in this case were rendered by Tri-Us during the months of November 2012 through February 2013.

20.     During the aforementioned months, Defendants directed the services of Plaintiff in their customary fashion and Plaintiff Tri-Us provided the requested services without receiving compensation therefor leading to this suit.

**COUNT** I
**BREACH OF CONTRACT**
**(Against Defendant DDR)**

21.     Plaintiff hereby incorporates its allegations in paragraphs 1 through 21 by reference as if fully set forth herein.

22.     Plaintiff-Tri Us provided services during the months of November 2012 through February 2013 at the request and direction of Defendant DDR for the various Defendant shopping centers in question.

23.     Plaintiff Tri-Us has billed Defendants for it services during the months in question in the amount of at least $39,306.27 all of which remains outstanding.  See compilation of open invoices attached hereto as **Exhibit 1** and the open invoices attached hereto as **Exhibit 2**.

24.     Defendant DDR has failed and refused to make payment against the open invoices in breach of its agreement with Tri-Us.

WHEREFORE, Plaintiff Tri-Us Services, Inc. requests that this Court enter Judgment in its favor and against Defendant Developers Diversified Realty Corporation, (a/k/a DDR Corp.) in the amount of $39,306.27 plus interest, costs, attorney fees, and such further relief as the Court deems just and proper.

**COUNT** II
**PROMISSORY ESTOPPEL**
**(Against Defendant DDR)**

25.     Plaintiff hereby incorporates its allegations in paragraphs 1 through 25 by reference as if fully set forth herein.

4

26.     Plaintiff Tri-Us performed services at the direction of Defendant DDR at the various Defendant shopping centers in question under the express promise by DDR of payment for such services.

27.     In reliance upon DDR's promise of payment, Plaintiff performed its services in a good, timely, and workmanlike fashion.

28.     In breach of its promise, Defendant DDR is now failing and refusing to pay for the services rendered by Plaintiff.

29.     Defendant DDR is estopped from reneging on its promise of payment.

WHEREFORE, Plaintiff Tri-Us Services, Inc. requests that this Court enter Judgment in its favor and against Defendant Diversified Realty Corporation (a/k/a DDR Corp). in the amount of $39,306.27 plus interest, costs, attorney fees, and such further relief as the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT
### (Against Defendants GS II, BRE DDR, and BG Walker)

30.     Plaintiff hereby incorporates its allegations in paragraphs 1 through 30 by reference as if fully set forth herein.

31.     Defendants GS II, BRE DDR, and BG Walker received a benefit to their respective shopping centers by virtue of the work performed by Plaintiff Tri-Us during the months of November 2012 through February 2013.

32.     Plaintiff has not been paid for these services.

33.     It would be inequitable to permit these Defendants to retain the benefit of the services rendered by Plaintiff without fair compensation to Plaintiff.

5

34.    The market value of the unpaid services rendered by Plaintiff equal at least $39,306.27.

WHEREFORE, Plaintiff Tri-Us Services, Inc. requests that this Court enter Judgment in its favor and against Defendants GS II Green Ridge LLC, BRE DDR Grandville Marketplace LLC, and BG Walker LLC in the amount of $39,306.27 plus interest, costs, attorney fees, and such further relief as the Court deems just and proper.

DAVID & WIERENGA, P.C.
Attorneys for Plaintiff

Dated: March 15, 2013                    By: _____
                                             James R. Wierenga (P48946)
                                             Business Address:
                                               50 Monroe Avenue, NW, Suite 720W
                                               Grand Rapids, Michigan 49503
                                             Telephone: (616) 454-3883

6

3:24 PM

03/11/13

# TRI-US SERVICES, INC.
## Open Invoices
### As of March 11, 2013

| Type | Date | Num | P. O. # | Due Date | Aging | Open Balance |
|------|------|-----|---------|----------|-------|--------------|
| **DDRC** | | | | | | |
| Invoice | 11/26/2012 | 14523 | WEB-255560 | 12/11/2012 | 90 | 165.00 |
| Invoice | 12/1/2012 | 14553 | PM-201130 | 12/16/2012 | 85 | 1,000.00 |
| Invoice | 12/1/2012 | 14554 | PM-201124 | 12/16/2012 | 85 | 3,041.87 |
| Invoice | 12/1/2012 | 14557 | PM-201129 | 12/16/2012 | 85 | 4,091.67 |
| Invoice | 12/1/2012 | 14558 | PM-201123 | 12/16/2012 | 85 | 13,487.50 |
| Invoice | 12/1/2012 | 14562 | WEB-255831 | 12/16/2012 | 85 | 77.85 |
| Invoice | 12/4/2012 | 14568 | WEB-258091 | 12/19/2012 | 82 | 241.50 |
| Invoice | 12/4/2012 | 14569 | WEB-258095 | 12/19/2012 | 82 | 409.00 |
| Invoice | 12/4/2012 | 14570 | WEB-256097 | 12/19/2012 | 82 | 158.00 |
| Invoice | 12/5/2012 | 14573 | WEB-258519 | 12/20/2012 | 81 | 1,300.00 |
| Invoice | 12/10/2012 | 14577 | WEB-256556 | 12/25/2012 | 76 | 200.00 |
| Invoice | 2/13/2013 | 14667 | LIGHTS (MICHAELS) | 2/28/2013 | 11 | 105.00 |
| Invoice | 2/14/2013 | 14689 | LIGHTING ISSUE | 3/1/2013 | 10 | 695.00 |
| **Total ODRC** | | | | | | 24,972.19 |
| | | | | | | |
| **Grandville-DDRC** | | | | | | |
| Invoice | 11/26/2012 | 14524 | WEB-255561 | 12/11/2012 | 90 | 145.00 |
| Invoice | 12/1/2012 | 14552 | PM-201408 | 12/16/2012 | 85 | 2,625.00 |
| Invoice | 12/1/2012 | 14556 | PM-201407 | 12/16/2012 | 85 | 8,991.67 |
| Invoice | 12/1/2012 | 14561 | WEB-255829 | 12/16/2012 | 85 | 81.60 |
| Invoice | 12/10/2012 | 14576 | WEB-256552 | 12/25/2012 | 76 | 2,300.00 |
| **Total Grandville-OORC** | | | | | | 14,143.27 |
| | | | | | | |
| **Lansing – DDR** | | | | | | |
| Invoice | 12/1/2012 | 14563 | WEB-255833 | 12/16/2012 | 85 | 190.81 |
| **Total Lansing – DDR** | | | | | | 190.81 |
| | | | | | | |
| **TOTAL** | | | | | | 39,306.27 |



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 11/26/2012 | 14523 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**
DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-255560 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | UNDER CANOPY SIGNS (LABOR & MATERIAL) | 165.00 | 165.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | TOTAL | |
|---------|----------|----------------|-------|---|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | $165.00 |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14553 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20273
BG WALKER, LLC
3410 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| PM-201130 | Net 15 | DECEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Small Sweeper –<br>1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31 | 1,000.00 | 1,000.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | TOTAL | $1,000.00 |
|---------|----------|----------------|-------|-----------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14554 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| PM-201124 | Net 15 | DECEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Small Sweeper – 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31 | 3,041.67 | 3,041.67 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | **$3,041.67** |
|---------|----------|----------------|-----------|---------------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14557 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20273
BG WALKER, LLC
3410 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| PM-201129 | Net 15 | 2 OF 5 (DEC 2012) |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | SNOW PLOWING: 2 OF 5 DECEMBER 2012 | 4,091.67 | 4,091.67 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $4,091.67 |
|---------|----------|----------------|-----------|-----------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14558 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| PM-201123 | Net 15 | 2 OF 5 (DEC 2012) |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | SNOW PLOWING: 2 OF 5 DECEMBER 2012 | 13,487.50 | 13,487.50 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $13,487.50 |
|---------|----------|----------------|-----------|------------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14562 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-255831 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1.25 | 11/20/12 – SET TIME CLOCKS | 55.00 | 68.75 |
| 1 | FUEL | 9.10 | 9.10 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $77.85 |
|---------|----------|----------------|-----------|--------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/4/2012 | 14568 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-256091 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | 11/28/12 – FURNISH & INSTALL (1) NEW GREEN ACRYLIC LETTER FACE "N" IN GREENRIDGE SIGN<br>LABOR & MATERIAL | 241.50 | 241.50 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | **$241.50** |
|---------|----------|----------------|-----------|-------------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|---|---|
| 12/4/2012 | 14569 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|---|---|---|
| WEB-256095 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 1 | MAKE & INSTALL GRATE FOR GUTTER IN BEST BUY LOADING DOCK – LABOR & MATERIAL | 409.00 | 409.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | **$409.00** |
|---|---|---|---|---|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/4/2012 | 14570 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-256097 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | CUT TREE & GRIND STUMPS IN ALCOVE BETWEEN BEST BUY AND BATH & BODY AND PATCH CONCRETE LABOR & MATERIAL | 158.00 | 158.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $158.00 |
|---------|----------|----------------|-----------|---------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/5/2012 | 14573 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-256519 | Net 15 | OCTOBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | 10/03/12 & 10/04/12 – REPAIR FACADE @ DEB AND (6) SPOTS THROUGHOUT CENTER LABOR & MATERIAL | 1,300.00 | 1,300.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | **$1,300.00** |
|---------|----------|----------------|-----------|---------------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/10/2012 | 14577 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-256556 | Net 15 | DECEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | TROUBLESHOOT PROBLEM WITH TARGET SIGN NOT WORKING AND LABEL LIGHTING CONTRACTORS IN MECHANICAL ROOM TO IDENTIFY HOW THEY ARE BEING CONTROLLED AND WHAT LIGHTS THEY FEED<br>LABOR & MATERIAL | 200.00 | 200.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $200.00 |
|---------|----------|----------------|-----------|---------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/10/2012 | 14577 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**
DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-256556 | Net 15 | DECEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | TROUBLESHOOT PROBLEM WITH TARGET SIGN NOT WORKING AND LABEL LIGHTING CONTRACTORS IN MECHANICAL ROOM TO IDENTIFY HOW THEY ARE BEING CONTROLLED AND WHAT LIGHTS THEY FEED LABOR & MATERIAL | 200.00 | 200.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $200.00 |
|---------|----------|----------------|-----------|---------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 2/13/2013 | 14667 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| LIGHTS (MICHAELS) | Net 15 | FEBRUARY 2013 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | TRACE LIGHTING CONTROLS CIRCUIT AND VERIFY OPERATION | 105.00 | 105.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $105.00 |
|---------|----------|----------------|-----------|---------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



# TRI-US SERVICES, INC.
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 2/14/2013 | 14669 |

**BILL TO**

DDR Corp.
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-20226
GS II GREEN RIDGE, LLC
3108-3390 ALPINE AVE NW
WALKER, MI 49544

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| LIGHTING ISSUE | Net 15 | FEBRUARY 2013 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | AFTER HOURS SERVICE CALL TO TROUBLESHOOT BREAKER TRIPPING TO PARKING LOT LIGHTS IN FRONT OF MICHAELS/BEST BUY. FOUND SHORTED WIRE AND DISCONNECTED FOR PARTIAL PARKING LOT LIGHTS. TRACKED SHORTED WIRE TO LIGHT POLE IN FRONT OF T-MOBILE. DISCONNECTED POWER AT POLE TO ALLOW FOR OPERATION OF OTHER LIGHTS ON CIRCUIT. | 695.00 | 695.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | TOTAL | $695.00 |
|---------|----------|----------------|-------|---------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 11/26/2012 | 14524 |

**BILL TO**

BRE DDR Grandville Marketplace LLC
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-21310
BRE DDR GRANDVILLE MARKETPLACE LLC
4485-4655 CANAL AVE SW
GRANDVILLE, MI 49418

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-255561 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | REPLACE PHOTO CELL @ GRANDVILLE (GANDER MOUNTAIN) LABOR & MATERIAL | 145.00 | 145.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | **$145.00** |
|---------|----------|----------------|-----------|-------------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14552 |

**BILL TO**

BRE DDR Grandville Marketplace LLC
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-21310
BRE DDR GRANDVILLE MARKETPLACE LLC
4485-4655 CANAL AVE SW
GRANDVILLE, MI 49418

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| PM-201408 | Net 15 | DECEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Small Sweeper – 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31 | 2,625.00 | 2,625.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $2,625.00 |
|---------|----------|----------------|-----------|-----------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14556 |

**BILL TO**

BRE DDR Grandville Marketplace LLC
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-21310
BRE DDR GRANDVILLE MARKETPLACE LLC
4485-4655 CANAL AVE SW
GRANDVILLE, MI 49418

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| PM-201407 | Net 15 | 2 OF 5 (DECEMBER 2012) |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | SNOW PLOWING: 2 OF 5 DECEMBER 2012 | 8,991.67 | 8,991.67 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | TOTAL | |
|---------|----------|----------------|-------|---|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | $8,991.67 |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14561 |

**BILL TO**

BRE DDR Grandville Marketplace LLC
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-21310
BRE DDR GRANDVILLE MARKETPLACE LLC
4485-4655 CANAL AVE SW
GRANDVILLE, MI 49418

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-255829 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1.3 | 11/20/12 – SET TIME CLOCKS | 55.00 | 71.50 |
| 1 | FUEL | 10.10 | 10.10 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | |
|---------|----------|----------------|-----------|--|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | $81.60 |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/10/2012 | 14576 |

**BILL TO**

BRE DDR Grandville Marketplace LLC
Attn: Michael LaPietra
1325 S. Arlington Heights Rd
Suite 201
Elk Grove Village, IL 60007

**SERVICE ADDRESS**

DDR-21310
BRE DDR GRANDVILLE MARKETPLACE LLC
4485-4655 CANAL AVE SW
GRANDVILLE, MI 49418

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-256552 | Net 15 | DECEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | REPAIR (15) PARKING LOT LIGHTS / REPAIR (2) WALL PACKS ON BACK OF BUILDING LABOR & MATERIAL | 2,300.00 | 2,300.00 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $2,300.00 |
|---------|----------|----------------|-----------|-----------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.



**TRI-US SERVICES, INC.**
PO BOX 123
KENT CITY, MI 49330

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/1/2012 | 14563 |

**BILL TO**

Marketplace - DDR
416-647 Market Place Blvd
Lansing, Michigan 48917

**SERVICE ADDRESS**

DDR-20776
The Marketplace at Delta Township
321-647 Market Place Blvd
Lansing, MI 48917

| PO NUMBER | TERMS | SERVICE PERIOD |
|-----------|-------|----------------|
| WEB-255833 | Net 15 | NOVEMBER 2012 |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 3 | 11/20/12 – SET TIME CLOCKS | 55.00 | 165.00 |
| 1 | FUEL | 25.81 | 25.81 |

| PHONE # | WEB SITE | E-MAIL ADDRESS | **TOTAL** | $190.81 |
|---------|----------|----------------|-----------|---------|
| (616) 678-5555 | tri-usservices.com | office@tri-usservices.com | | |

Effective June 1, 2011...we will NO LONGER accept Credit Card Payments.

STATE OF MICHIGAN

KENT COUNTY CIRCUIT COURT

_____

TRI-US SERVICES, INC.,
a Michigan corporation,                                Case No. 13-02580-CKB
                                                       Hon. Christopher P. Yates
                Plaintiff,

v

DEVELOPERS DIVERSIFIED REALTY,
CORPORATION, (a/k/a DDR CORP.),
an Ohio corporation, GS II GREEN RIDGE, LLC, a
Delaware limited liability company,
BRE DDR GRANDVILLE MARKETPLACE, LLC,
a Delaware limited liability company, and
BG WALKER LLC, a Michigan limited liability
company,

                Defendants/Third-Party Plaintiffs,

and

Third-Party Plaintiffs

v

CONTROL BUILDING SERVICES, INC.,
a Delaware corporation,
CONTROL EQUITY GROUP, INC.,
a Delaware corporation,
EDWARD TUREN, an individual,
NEAL TUREN, an individual,

                Jointly and Severally,

                Third-Party Defendants.

_____

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES, AND THIRD-PARTY COMPLAINT

*A civil action between some of these parties arguably partly*
*arising out of one of the transactions or occurrences alleged in the third-party complaint*
*has been previously filed in the Court of Common Pleas, Cuyahoga County, Ohio, where it was*
*given Case No. 13 803253 and was assigned by Judge John P. O'Donnell. That action remains pending.*

David & Wierenga, P.C.
James R. Wierenga (P48946)
Attorneys for Plaintiff
50 Monroe Avenue NW, Suite 720W
Grand Rapids, MI 49503
(616) 454-3883

McShane & Bowie, P.L.C.
Christopher J. Breay (P51646)
Attorneys for Defendants/Third-Party
 Plaintiffs
1100 Campau Square Plaza
99 Monroe Ave., N.W.
Grand Rapids, MI 49503
(616) 732-5000
cjb@msblaw.com

---

### ANSWER

### Jurisdictional and Venue Allegations

1.      Plaintiff Tri-Us Services, Inc. ("Tri-Us") is a Michigan corporation conducting

business at 78 Ball Creek Rd., Kent City, Kent County, Michigan 49330

**Answer:      Neither admitted nor denied for the reason that Defendants lack knowledge**

**or information sufficient to form a belief as to the truth of the allegation.**

2.      Defendant Developers Diversified Realty Corporation (a/k/a DDR Corp.)

("DDR") is an Ohio corporation whose registered address is 30600 Telegraph Road, Suite 2345,

Bingham Farms, Michigan 48025. Its resident agent is The Corporation Company.

**Answer:      The allegations are admitted insofar as they are directed to DDR Corp. (f/k/a**

**Developers Diversified Realty Corporation) ("DDR").**

2

3.      Defendant GS II Green Ridge LLC ("GS IF) is a Delaware limited liability company whose registered office address is 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Its resident agent is The Corporation Company.

**Answer:      Admitted.**

4.      Defendant BRE DDR Grandville Marketplace LLC ("BRE DDR") is a Delaware limited liability company whose registered office address is 601 Abbot Road, East Lansing, Michigan 48823. Its resident agent is CSC-Lawyers Incorporating Service (Company).

**Answer:      Admitted.**

5.      Defendant BG Walker LLC ("BG Walker") is a Michigan limited liability company which has since dissolved with a last known registered office address of 601 Abbott Road, East Lansing, Michigan 48823. Its resident agent is CSC-Lawyers Incorporating Service (Company).

**Answer:      Denied.**

6.      Each of the above-named Defendants was doing business in Kent County, Michigan at all times relevant hereto.

**Answer:      Denied.**

7.      The amount in controversy is greater than $25,000.00 and this claim is within the jurisdiction and venue of this Court.

**Answer:      Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

### General Allegations

8.      Plaintiff Tri-Us is a locally owned family business which has been in operation since 1992. Tri-Us provides a variety of services to West Michigan businesses including, but not limited to, power sweeping services, snowplowing, salting, and parking lot maintenance.

3

**Answer:** Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

9. Defendant DDR owns and manages approximately 450 retail properties in the continental United States, Puerto Rico, and Brazil.

**Answer:** Admitted that DDR, through various affiliates, partnerships, and subsidiaries, owns and manages the referenced properties.

10. The remaining Defendants are owners of various shopping centers in Kent County which are affiliated with, and managed by, Defendant DDR.

**Answer:** Denied.

11. Defendant GS II is the owner of a shopping center known as Green Ridge Square located in Walker, Michigan.

**Answer:** Admitted.

12. Defendant BRE DDR is the owner of a shopping center known as Grandville Marketplace which is located in Grandville, Michigan.

**Answer:** Admitted.

13. Defendant BG Walker is the owner of a shopping center known as Alpine Avenue which is located in Walker, Michigan.

**Answer:** Denied.

14. DDR has engaged the services of Plaintiff Tri-Us for more than 15 years.

**Answer:** Denied to the extent the allegation implies Plaintiff had entered into a contract with any of the Defendants pursuant to which the amounts sought by Plaintiff are owed.

15. Pursuant to Plaintiffs' contract with DDR, Plaintiff has provided services to the various Defendant shopping centers.

4

**Answer:** The allegation that Plaintiff had a contract with DDR for the services at issue in this action is denied. The allegation that Plaintiff "provided services to the various Defendant shopping centers" is neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

16. Defendant DDR handled most of its own payment processing for its contracted services with the exception of the past couple of years when it utilized the services of an outside billing service.

**Answer:** The implication that Plaintiff had a contract with DDR for the services at issue is denied. In further answer, Defendants state that Plaintiff had entered into a contract with Oxford Building Services, Inc. for the referenced services.

17. Throughout the parties' business relationship including the period of time that DDR used an outside billing service, DDR was always the entity to issue and assign work orders to Tri-Us and directed Tri-Us on all work matters related to the various Defendant shopping centers.

**Answer:** Denied.

18. Further, throughout the duration of the parties' relationship, Plaintiff Tri-Us' invoices have been directed to Defendants with specification on each invoice as to the service address.

**Answer:** Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

19. The particular services at issue in this case were rendered by Tri-Us during the months of November 2012 through February 2013.

**Answer:** Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

5

20.     During the aforementioned months, Defendants directed the services of Plaintiff in their customary fashion and Plaintiff Tri-Us provided the requested services without receiving compensation therefor leading to this suit.

**Answer:** **The allegation that "Defendants directed the services of Plaintiff" is denied. The allegation that Plaintiff has been unpaid for services allegedly provided is neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

<u>Count I</u>

<u>Breach of Contract</u>

<u>(Against Defendant DDR)</u>

21.     Plaintiff hereby incorporates its allegations in paragraphs 1 through 21 by reference as if fully set forth herein.

22.     Plaintiff Tri-Us provided services during the months of November 2012 through February 2013 at the request and direction of Defendant DDR for the various Defendant shopping centers in question.

**Answer:** **The allegation that Plaintiff provided services "at the request" of DDR is admitted. The allegation that Plaintiff provided the services "at the direction" of DDR is denied.**

23.     Plaintiff Tri-Us has billed Defendants for its services during the months in question in the amount of at least $39,306.27 all of which remains outstanding. See compilation of open invoices attached hereto as **Exhibit 1** and the open invoices attached hereto as **Exhibit 2**.

**Answer:** **Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

6

24.     Defendant DDR has failed and refused to make payment against the open invoices in breach of its agreement with Tri-Us.

**Answer:     Denied.**

WHEREFORE, DDR requests that this Court enter an Order dismissing all of Plaintiff's claims with prejudice, compelling Plaintiff to reimburse DDR for all attorney fees and costs incurred by it in connection with this matter, and granting such other and further relief that this Court deems just and appropriate to render.

## Count II

### Promissory Estoppel

### (Against Defendant DDR)

25.     Plaintiff hereby incorporates its allegations in paragraphs 1 through 25 by reference as if fully set forth herein.

26.     Plaintiff Tri-Us performed services at the direction of Defendant DDR at the various Defendant shopping centers in question under the express promise by DDR of payment for such services.

**Answer:     Denied.**

27.     In reliance upon DDR's promise of payment, Plaintiff performed its services in a good, timely, and workmanlike fashion.

**Answer:     Denied.**

28.     In breach of its promise, Defendant DDR is now failing and refusing to pay for the services rendered by Plaintiff.

**Answer:     Denied.**

29.     Defendant DDR is estopped from reneging on its promise of payment.

**Answer:     Denied.**

WHEREFORE, DDR requests that this Court enter an Order dismissing all of Plaintiff's claims with prejudice, compelling Plaintiff to reimburse DDR for all attorney fees and costs incurred by it in connection with this matter, and granting such other and further relief that this Court deems just and appropriate to render.

## Count III

### Unjust Enrichment

### (Against Defendants GS II, BRE DDR, and BG Walker)

30.     Plaintiff hereby incorporates its allegations in paragraphs 1 through 30 by reference as if fully set forth herein.

31.     Defendants GS II, BRE DDR, and BG Walker received a benefit to their respective shopping centers by virtue of the work performed by Plaintiff Tri-Us during the months of November 2012 through February 2013.

**Answer:       Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

32.     Plaintiff has not been paid for these services.

**Answer:       Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.**

33.     It would be inequitable to permit these Defendants to retain the benefit of the services rendered by Plaintiff without fair compensation to Plaintiff.

**Answer:       Denied to the extent the allegation implies it would be inequitable if Defendants were not compelled to compensate Plaintiff.**

34.     The market value of the unpaid services rendered by Plaintiff equal at least $39,306.27.

8

**Answer:** Neither admitted nor denied for the reason that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

WHEREFORE, Defendants request that this Court enter an Order dismissing all of Plaintiff's claims with prejudice, compelling Plaintiff to reimburse Defendants for all attorney fees and costs incurred by Defendants in connection with this matter, and granting such other and further relief that this Court deems just and appropriate to render.

### AFFIRMATIVE DEFENSES

Defendants may rely on one or more of the following affirmative defenses during the course of this action:

1. Plaintiff has failed to state a claim on which relief may be granted.

2. Lack of contract.

3. Plaintiff's claims sounding in quasi contract are barred to the extent an express contract covering the same subject matter existed.

4. Defendants have paid in full for the any services at issue that were performed.

5. All other affirmative defenses pled by any other party to this action.

6. Defendants reserve the right to supplement or amend their affirmative defenses during the course of this action.

### THIRD PARTY COMPLAINT

### The Parties

1. Third-Party Plaintiff DDR Corp. is an Ohio corporation with its principal place of business in Beachwood, Cuyahoga County, Ohio. DDR is a self-administered and self-managed Real Estate Investment Trust ("REIT") operating as a fully integrated real estate company. DDR, through its affiliated entities, owns and manages approximately 450 retail operating and

9

development properties in 39 states, Brazil, and Puerto Rico, totaling more than 116 million square feet. Third-Party Plaintiff GS II Green Ridge, LLC is a Delaware limited liability company that owns shopping centers known as Green Ridge Square and Alpine Avenue, both located in Walker, Michigan. Third-Party Plaintiff BRE DDR Grandville Marketplace, LLC is a Delaware limited liability company that owns a shopping center known as Grandville Marketplace located in Grandville, Michigan. Third-Party Plaintiff BG Walker, LLC was formerly a Michigan limited liability company that owned the Alpine Avenue shopping center.

2.      Third-Party Defendant Control Building Services, Inc. ("CBS") is a Delaware corporation with its principal place of business in Secaucus, New Jersey.

3.      Third-Party Defendant Control Equity Group, Inc. ("CEG") is a Delaware corporation with its principal place of business in Secaucus, New Jersey. It serves as the corporate parent of an organization of affiliated companies, herein referred to as the Control organization, which includes CBS and Oxford Building Services, Inc. ("Oxford").

4.      Third-Party Defendant Edward Turen is an individual residing in New Jersey, who serves as Chairman and CEO and a principal shareholder of CEG and CBS, located in Secaucus, New Jersey. He is also the CEO and a principal shareholder of Oxford.

5.      Third-Party Defendant Neal Turen is an individual residing in New Jersey, who serves as Executive Vice President of CEG and CBS, located in Secaucus, New Jersey. He is also the President and a principal shareholder of Oxford.

## Jurisdiction and Venue

6.      This Court has subject-matter jurisdiction over the claims set forth below because they involve an amount in excess of $25,000.

10

7.      This Court has personal jurisdiction over the Third-Party Defendants because each of them transacted business within the State of Michigan and/or caused an act to be done, or consequences to occur, in the State resulting in the claims sounding in tort that are pled below.

8.      Venue is proper because this action was originally filed in this County.

### General Allegations

9.      Pursuant to a Services Agreement entered into between DDR and Oxford[1] in January of 2008, Oxford coordinated the contracting, oversight, and payment of vendors to perform facility maintenance work at DDR properties, including the Green Ridge Square, Grandville Marketplace, and Alpine Avenue properties that are the subject of Plaintiff's action. CBS signed a Guaranty of Oxford's obligations pursuant to the Services Agreement.[2]

10.     Pursuant to the Services Agreement, vendors would send invoices to Oxford ("Service Provider Invoices") and Oxford, in turn, would send its own invoices to DDR ("Business Unit Invoices").

11.     On or about December 23, 2011 - and unknown to DDR - CEG and its affiliates within the Control organization, at the direction of the Turens, took out a revolving credit facility ("Credit Facility"), the collateral for which consisted of bank accounts such as the one into which DDR's payments of the Business Unit Invoices were deposited.  The Credit Facility was repaid by a daily sweeping of all cash from the Control affiliates' bank accounts, including the funds obtained from DDR pursuant to the Services Agreement for the sole purpose of paying Service Provider Invoices ("Trust Funds"). Thus, the Trust Funds provided by DDR were used, contrary to the terms of the Services Agreement and without any legitimate claim of right by Oxford or any Third-Party Defendant, for the benefit of the Control organization and the Turens in order to

---

[1] On February 26, 2013, Oxford filed for bankruptcy protection in New Jersey.

[2] Third-Party Defendants are in possession of copies of both the Services Agreement and Guaranty.

11

service their debt. The Turens personally guaranteed the Control organization's obligations under the Credit Facility.

12.     Eventually, the scheme collapsed when the borrowing base under the financing was reduced, and thus the borrowers' indebtedness to their lender outstripped the available cash. As a result, Oxford no longer had the means to pay Service Provider Invoices when they came due. Even though Oxford had no means or intent to pay the Service Provider Invoices relating to work at DDR properties, it continued, fraudulently, to invoice and induce DDR's payment of funds for the purported payment of Service Provider Invoices. The result was approximately $11.1 million in Business Unit Invoices that were paid by DDR to Oxford but for which the underlying Service Provider Invoices went unpaid, leading vendors to seek recourse from DDR directly. Plaintiff Tri-Us Services, Inc. is one of those vendors.

<u>Count I</u>

**<u>Common-Law Conversion</u>**

13.     Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

14.     The funds used to pay the Business Unit Invoices related to Tri-Us were expressly designated by DDR for the exclusive payment of amounts owed Tri-Us, and were therefore held in trust by Oxford for the benefit of both DDR and the Service Providers, including Tri-Us ("Trust Funds").

15.     Third-Party Defendants knew that such funds were so held in trust.

16.     Despite this knowledge, Third-Party Defendants wrongfully exerted dominion over the Trust Funds for their own benefit.

17.     Third-Party Defendants' actions constitute conversion.

12

18.    Third-Party Plaintiffs have been damaged as a result of the conversion, including, without limitation, incurring attorney fees and costs in connection with Tri-Us's claims in this action.

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against Third-Party Defendants, jointly and severally, in an amount sufficient to compensate Third-Party Plaintiffs for Third-Party Defendants' conversion, including, without limitation, exemplary damages, the amount of any judgment entered against Third-Party Plaintiffs and in favor of Tri-Us, all attorney fees and costs incurred by Third-Party Plaintiffs with respect to this matter, and such other and further relief that this Court deems just and equitable to render.

### Count II

### Statutory Conversion

19.    Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

20.    Third-Party Defendants converted the Trust Funds to their own use.

21.    Third-Party Defendants also received, concealed, and aided in the concealment of the converted Trust Funds when they knew the Trust Funds to have been converted.

22.    Third-Party Defendants are therefore liable to Third-Party Plaintiffs under MCL 600.2919a.

23.    Third-Party Plaintiffs have been damaged as a result of Third-Party Defendants' violations of MCL 600.2919a in multiple ways, including, without limitation, incurring attorney fees and costs in connection with this action.

24.    MCL 600.2919a allows Third-Party Plaintiffs to recover three times the amount of their actual damages, as well as costs and attorney fees.

13

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against Third-Party Defendants, jointly and severally, in an amount sufficient to compensate Third-Party Plaintiffs for Third-Party Defendants' violations, including, without limitation, exemplary damages, three times the amount of any judgment entered against Third-Party Plaintiffs and in favor of Tri-Us, three times the amount of all attorney fees and costs incurred by Third-Party Plaintiffs with respect to this matter, and such other and further relief that this Court deems just and equitable to render.

## Count III

### 18 U.S.C. § 1962

25.     Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

26.     Third-Party Defendants' activities constituted conducting an enterprise, with Oxford, through a pattern of racketeering activity.

27.     Third-Party Defendants' racketeering activity consisted of, without limitation, violations of 18 U.S.C. §§ 1341 and 1343, namely, a scheme to defraud Third-Party Plaintiffs by using the mails and wires of interstate commerce.

28.     Third-Party Defendants' predicate acts in this regard constituted, without limitation, the following:

        a.     In the fall or winter of 2011, by use of the interstate mails and wires, entering into negotiations with TD Bank for the establishment of a revolving credit facility for the purpose of converting and otherwise wrongfully using the Trust Funds for Third-Party Defendants' own benefit.

        b.     On or about December 23, 2011, by use of the interstate mails and wires, establishing a revolving credit facility with TD Bank for the purpose of converting and otherwise wrongfully using the Trust Funds for Third-Party Defendants' own benefit.

14

     c.     Beginning on or about December 23, 2011 – and continuing almost daily until January 24, 2013 - deceiving Third-Party Plaintiffs by deliberately failing to disclose to Third-Party Plaintiffs the fact that the Credit Facility effectuated the conversion and otherwise wrongful use of the Trust Funds to Third-Party Defendants' own benefit.

     d.     Beginning on or about December 23, 2011 - and continuing almost daily until January 24, 2013 - by use of the interstate mails and wires, making intentional misrepresentations to DDR in the form of the presentment of Business Unit Invoices to DDR over the internet to induce payment of Trust Funds by DDR when Third-Party Defendants knew such funds would be swept in connection with the Credit Facility for Third-Party Defendants' benefit.

29.     The above activities constitute violations of 18 U.S.C. § 1962(c) and (d).

30.     Third-Party Plaintiffs have been damaged as a result of Third-Party Defendants' violations, including, without limitation, incurring attorney fees and other costs to defend themselves against the claims of Tri-Us.

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against Third-Party Defendants, jointly and severally, in an amount sufficient to compensate Third-Party Plaintiffs for Third-Party Defendants' violations, including, without limitation, exemplary damages, three times the amount of damages sustained by Third-Party Plaintiffs, three times the amount of all attorney fees and costs incurred by Third-Party Plaintiffs with respect to this matter, and such other and further relief that this Court deems just and equitable to render.

## Count IV

### Common-Law Indemnification

31.     Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

32.     The wrongful acts of Third-Party Plaintiffs have resulted in Third-Party Plaintiffs incurring attorney fees and other expense, as well as the potential of being held liable for the

amounts Third-Party Defendants wrongfully withheld from Tri-Us and, instead, used for their own benefit.

33.     Third-Party Plaintiffs are free from fault in this regard.

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against Third-Party Defendants, jointly and severally, in an amount sufficient to compensate Third-Party Plaintiffs for Third-Party Defendants' wrongful acts, including, without limitation, exemplary damages, all attorney fees and costs incurred by Third-Party Plaintiffs, the amount of any judgment entered against Third-Party Plaintiffs as a result of Third-Party Defendants' wrongful acts, and such other and further relief that this Court deems just and equitable to render.

## Count V

### Breach of Guaranty against CBS

34.     Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

35.     The Guaranty and Services Agreement were legally enforceable contracts.

36.     The Guaranty required CBS to unconditionally and absolutely guarantee Oxford's performance under the Services Agreement.

37.     Oxford breached the Services Agreement in multiple ways, including, without limitation, by failing to timely pay Tri-Us's invoices, and by misappropriating the Trust Funds Oxford was contractually required to pay to Tri-Us.

38.     Section 11(a) of the Services Agreement obligates Oxford to indemnify DDR and its representatives for any attorney fees and other damages incurred that may arise out of, result from, or be attributable to any negligent act or omission of Oxford, Oxford's affiliates, and the representatives of the foregoing, in connection with the performance of Oxford's services under the Agreement, "including, without limitation, any claims for payment from any Service

16

Providers to the extent that DDR has previously paid the applicable Business Unit Invoice relating to such Service Provider claim."

39.     GS II Green Ridge, LLC, BRE DDR, and BG Walker, LLC were third-party beneficiaries of the Services Agreement and Guaranty.

40.     CBS breached the Guaranty in multiple ways, including, without limitation, by failing to ensure Oxford's performance of its obligations under the Services Agreement, failing to ensure that all sums due under the Services Agreement were paid, and failing to reimburse DDR for the attorney fees and other costs it has incurred in this action.

41.     DDR has performed all of its obligations under the Guaranty and Services Agreement.

42.     As a direct and proximate result of CBS's breach, Third-Party Plaintiffs have been damaged in multiple ways, including, without limitation, incurring attorney fees and costs in connection with this action.

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against CBS in an amount sufficient to compensate Third-Party Plaintiffs for CBS's breach of guaranty, including, without limitation, all attorney fees and costs incurred by Third-Party Plaintiffs, the amount of any judgment entered against Third-Party Plaintiffs as a result of CBS's breach, and such other and further relief that this Court deems just and equitable to render.

## Count VI

### Tortious Interference with Contract

43.     Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

44.     The Services Agreement was a valid and binding contract.

45.     Third-Party Defendants had knowledge of the existence of the Services Agreement from the time of its execution.

46.     Third-Party Defendants intentionally caused Oxford to materially breach the Services Agreement by establishing a procedure whereby CEG would sweep all available cash, including the Trust Funds, for the use and benefit of Third-Party Defendants and Oxford, and by continuing to cause Trust Funds to be swept by CEG after it became known that insufficient funds would be available for Oxford to satisfy its obligations to pay Service Provider Invoices under the Services Agreement.

47.     Third-Party Defendants had no justification for their conduct because neither Oxford nor any Third-Party Defendant had a legitimate claim of right to the Trust Funds.

48.     As a direct and proximate result of Third-Party Defendants' tortious interference with the Services Agreement, Third-Party Plaintiffs have been damaged in multiple ways, including, without limitation, incurring attorney fees and costs in connection with this action.

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against Third-Party Defendants, jointly and severally, in an amount sufficient to compensate Third-Party Plaintiffs for Third-Party Defendants' tortious interference, including, without limitation, exemplary damages, all attorney fees and costs incurred by Third-Party Plaintiffs, the amount of any judgment entered against Third-Party Plaintiffs as a result of Third-Party Defendants' tortious interference, and such other and further relief that this Court deems just and equitable to render.

## Count VII

### Fraud against CEG, Edward Turen, and Neal Turen

49.     Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

18

50.     After taking out the Credit Facility and agreeing to the cash sweep arrangement with TD Bank, and, further, after learning that Oxford would be unable to pay the Service Provider Invoices underlying the Business Unit Invoices, Oxford, at the direction of the Turens, continued to issue daily Business Unit Invoices and supporting data files that contained material misrepresentations and omissions of material fact indicating that Oxford would use the Trust Funds for the sole purpose of paying, within six days, the Service Provider Invoices underlying those Business Unit Invoices.

51.     In actuality, the Trust Funds were to be swept by CEG for use in servicing the Credit Facility, when it was known that the Credit Facility was no longer able to generate cash sufficient to pay the outstanding Service Provider Invoices for which DDR was being invoiced.

52.     Those misrepresentations and omissions were made with knowledge that the Trust Funds would not be used as represented and as required by the Services Agreement, and for the purpose of inducing DDR's reliance through its continued payment of Business Unit Invoices.

53.     DDR justifiably relied, to its detriment, on those misrepresentations and omissions by timely paying each Business Unit Invoice at all times during the life of the Services Agreement with the understanding that Oxford would use those funds to pay the underlying Service Provider Invoices, in accordance with the terms of the Services Agreement.

54.     As a direct and proximate result of Third-Party Defendants' omissions and misrepresentations, Third-Party Plaintiffs have been damaged in multiple ways, including, without limitation, incurring attorney fees and costs in connection with this action.

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against CEG, Edward Turen, and Neal Turen, jointly and severally, in an amount sufficient to compensate Third-Party Plaintiffs for such Third-Party Defendants' fraud, including, without limitation, exemplary damages, all attorney fees and costs incurred by Third-Party Plaintiffs, the

19

amount of any judgment entered against Third-Party Plaintiffs as a result of such Third-Party Defendants' fraud, and such other and further relief that this Court deems just and equitable to render.

## Count VIII

### Civil Conspiracy

55.     Third-Party Plaintiffs incorporate herein by reference each of the allegations set forth above.

56.     Third-Party Defendants, along with Oxford, formed and operated a civil conspiracy by agreeing, as participants in the Credit Facility, to a procedure whereby cash would be swept by CEG from the operations accounts of CBS and Oxford and, in turn, swept by TD Bank for servicing the debt.  This agreement was formed and intended to include Oxford and the Trust Funds, with full knowledge that Oxford had no rights to those funds.

57.     Third-Party Defendants committed wrongful acts in furtherance of that conspiracy, including CEG, at the direction of the Turens, misappropriating the Trust Funds, and Oxford, at the direction of the Turens, fraudulently inducing DDR to pay Oxford Business Unit Invoices when Oxford had no intention of using the Trust Funds for their rightful purpose pursuant to the Services Agreement.

58.     As a direct and proximate result of Third-Party Defendants' conspiracy, Third-Party Plaintiffs have been damaged in multiple ways, including, without limitation, incurring attorney fees and costs in connection with this action.

WHEREFORE, Third-Party Plaintiffs request that this Court enter Judgment in their favor and against Third-Party Defendants, jointly and severally, in an amount sufficient to compensate Third-Party Plaintiffs for damages incurred as a result of Third-Party Defendants' conspiracy, including, without limitation, exemplary damages, all attorney fees and costs incurred by Third-

20

Party Plaintiffs, the amount of any judgment entered against Third-Party Plaintiffs as a result of Third-Party Defendants' conspiracy, and such other and further relief that this Court deems just and equitable to render.

McShane & Bowie, P.L.C.

Dated: 5-16-2013

By:

Christopher J. Brea (P51646)
Attorneys for Defendants/Third-
Party Plaintiffs
1100 Campau Square Plaza
99 Monroe Avenue N.W.
Grand Rapids, MI 49501-0360
616-732-5000
cjb@msblaw.com

21

| STATE OF MICHIGAN<br>17th JUDICIAL CIRCUIT<br>KENT COUNTY | SPECIALIZED BUSINESS DOCKET<br>NOTICE TO APPEAR | CASE NO.<br>13-02580-CKB |
|---|---|---|
| **Court Address**<br>180 OTTAWA AVE. NW, GRAND RAPIDS MI 49503 | | **Court telephone no.**<br>(616) 632-5025 |

**TO:** ALL ATTORNEYS OF RECORD

> **TRI-US SERVICES, INC.**
>
>     **Plaintiff(s)**
>
> **vs.**
>
> **DEVELOPERS DIVERSIFIED REALTY CORPORATION, GS II GREEN RIDGE, LLC, GRANDVILLE MARKETPLACE, LLC, BG WALKER LLC**
>
>     **Defendant(s)**

PLEASE BE ADVISED THAT THE ABOVE ENTITLED CAUSE IS SCHEDULED FOR AN INITIAL CASE CONFERENCE ON **JUNE 26, 2013 AT** 4:30 **P.M.** THIS MATTER WILL BE HEARD BY THE HONORABLE CHRISTOPHER P. YATES LOCATED AT 180 OTTAWA AVE. NW, GRAND RAPIDS, MI 49503, 17TH CIRCUIT COURT - COURTROOM #10B

<u>**Counsel must appear either in person or by telephone for initial case conference, but attendance by the parties is optional**</u>

### CERTIFICATE OF MAILING

I do hereby certify and return that I electronically filed this notice upon the attorneys of record in the above case via the Electronic Court Filing System for the Specialized Business Docket.

Dated: 5-22-13

                                       <u>JEN BUNN</u>
                                       Judicial Clerk